IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. 2:96-cr-0088 GEB DAD

    vs.

CALS IFENATUORA,

    Movant.                 ORDER

_____/

       Movant is a former federal prisoner proceeding pro se with a challenge to his 1996 conviction, entered pursuant to a guilty plea, on charges of unauthorized use of an access device and possession of five or more false identifications in violation of federal law. Movant claims that he received constitutionally ineffective assistance of counsel when his attorney failed to advise him of the immigration consequences of his guilty plea.

       On September 30, 2010, this court issued an order directing respondent to respond to the amended pleading filed by movant on May 20, 2010. That order was served on movant's address of record and returned by the postal service. Accordingly, on November 3, 2010, this court issued findings and recommendations recommending that movant's motion be dismissed for movant's failure to keep the court apprised of his current address. Both movant and

/////

1

respondent have now notified the court of movant's current address. Accordingly, the findings and recommendations will be vacated.

In the September 30, 2010 order, the court noted that the motion filed by movant, which was filed as a motion for writ of error coram nobis, had been construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On October 28, 2010, respondent filed a motion requesting that the court advise movant of the consequences of construing the motion as a § 2255 motion. Respondent's motion was denied without prejudice on November 3, 2010 in light of the recommended dismissal of movant's motion. However, after further review of the record herein, the court now finds that movant's motion was in fact properly styled a motion for writ of error coram nobis.

In order to proceed with a § 2255 motion, a movant must be in custody on the challenged conviction when the motion is filed. See Maleng v. Cook, 490 U.S. 488 (1989). In contrast, "[t]he writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." Estate of McKinney By and Through McKinney v. U.S., 71 F.3d 779, 781 (9th Cir. 1995) (citing Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994)). Movant filed his original motion for writ of error coram nobis on April 26, 2010, an amended motion on May 20, 2010, and a second amended motion on November 8, 2010. The record reflects that movant was sentenced on January 27, 1997 to thirty-seven months in prison on the conviction challenged herein. He thus completed his federal prison sentence over ten years ago and was not in custody on the conviction challenged by the instant motion at the time it was filed.[1] Accordingly, the motion is properly treated as a motion for writ of error coram nobis. Good cause appearing, this action will proceed on the second amended motion filed November 8, 2010, and respondent will be directed to answer that motion.

/////

---

[1] Since at least as of May 14, 2010, movant was in the custody of the Department of Homeland Security. See Declaration of Cals Ifenatuora, filed May 20, 2010, at ¶ 6.

Finally, movant has filed a motion for appointment of counsel. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel. Cf. 18 U.S.C. § 3006A(a)(2)(B). Accordingly, movant's motion will be granted.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 3, 2010 are vacated.

2. The motions filed by petitioner on April 26, 2010, May 20, 2010 and November 8, 2010 are properly filed as motions for writ of error coram nobis and the Clerk of the Court is directed to correct the docket accordingly.

3. This matter will proceed on the second amended motion for writ of error coram nobis filed November 8, 2010.

4. Movant's November 8, 2010 motion for appointment of counsel is granted;

5. The Federal Defender is directed to identify panel counsel to represent petitioner and said counsel is hereby appointed to do so.

6. The Clerk of the Court is directed to serve a copy of movant's November 8, 2010 motion and this order on Carolyn Wiggin, Assistant Federal Defender.

7. Movant's appointed counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

8. Respondent shall file a response to the second amended motion within forty-five days from the date of this order.

9. Movant's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.

DATED: November 12, 2010.

DAD:12
ifen0088.vac

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE